UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANCISCO RAMIREZ MARQUEZ, <br><br> (A-No. 236-014-528) <br><br> Petitioner, <br><br> v. <br><br> WARDEN, et al., <br><br> Respondents. | Case No. 1:26-cv-04528-JLT-SAB <br><br> ORDER GRANTING THE PETITION FOR WRIT OF HABEAS CORPUS; DENYING THE REQUEST FOR TEMPORARY RESTRAINING ORDER AS MOOT; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING <br><br> (Docs. 1, 8) |

## I.      INTRODUCTION

Before the Court is Francisco Ramirez Marquez's request for a temporary restraining order (Doc. 8), filed in conjunction with his petition for a writ of habeas corpus brought under 28 U.S.C. § 2241, which challenges his ongoing detention. (Doc. 1.) Respondents filed an opposition to the TRO and habeas petition, asserting that Petitioner is detained under 8 U.S.C. § 1226(a) after overstaying his nonimmigrant visa. (Doc. 13 at 1–2.) For the reasons set forth below, the Court **GRANTS** the habeas petition.[1]

---

[1] When the Court set a briefing schedule on the motion for TRO, it ordered the parties to state their position as to whether the motion for TRO should be converted to a preliminary injunction without further briefing, whether the parties sought a hearing, and whether the parties sought additional briefing on the habeas petition. (Doc. 9.) Respondents "request that the Court resolve the underlying habeas petition on the current briefing and without a hearing." (Doc. 13 at 1.) Considering this and given that Respondents had notice and opportunity to respond, the Court decides this case on the underlying petition.

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.   BACKGROUND

Petitioner is a citizen of Mexico who first entered the United States on or around June 18, 2016, on a temporary nonimmigrant visa with a period not to exceed December 18, 2016. (Doc. 13 at 15, 17.) Petitioner never left the United States as required. (*Id*. at 17.) Over time, Petitioner had children with a U.S. Citizen, who he eventually married on February 15, 2023. (*See* Doc. 8 at 11, 14.) On June 29, 2025, Petitioner filed an I-130 Petition for Alien Relative, which remains pending. (Doc. 13 at 17.) On September 2, 2025, Petitioner filed an I-485 Application to Adjust Status, which also remains pending. (*Id*.)

On June 4, 2026, Petitioner reported to USCIS's office for a scheduled interview in connection with his I-485 Application to Adjust Status. (*Id*. at 16.) Upon his arrival, deportation officers arrested the Petitioner after confirming in the ICE ERO database that Petitioner had overstayed his visa. (*Id*.) Deportation officers served Petitioner with an I-200 Administrative Warrant for his Arrest. (*Id*.; *see also* Doc. 14 at 3.) DHS also issued a Notice to Appear charging Petitioner as removable under INA § 237(a)(1)(B), codified in 8 U.S.C. § 1227(a)(1)(B). (Doc. 13 at 6.) Petitioner was transferred to the Golden State Annex Detention Facility, in McFarland, California, where he remains. (Doc. 1 at 2.) Though Petitioner claims that he is not a flight risk or danger to the community, (Doc. 8 at 2), on September 13, 2024, Petitioner was arrested by local police in Visalia, California for driving under the influence of alcohol. (Doc. 13 at 17.) However, it is unclear whether such arrest resulted in actual charges or a conviction. (*Id*. at 13,

17.) Petitioner is not currently subject to a final order of removal.[2]

## IV.     DISCUSSION

Petitioner is being charged as removable under 8 U.S.C. § 1227(a)(1)(B) which states: "Any alien . . . whose nonimmigrant visa (or other documentation authorizing admission into the United States as a nonimmigrant) has been revoked under section 1201(i) of this title, is deportable." As such, Petitioner is currently in removal proceedings and his detention is governed by 8 U.S.C. § 1226(a), as Respondents concede in their opposition. (*See* Doc. 13 at 1.) Under Section 1226(a), "On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States. Except as provided in subsection (c) and pending such decision, the Attorney General—(1) may continue to detain the arrested alien; and (2) may release the alien on—(A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or (B) conditional parole." 8 U.S.C. § 1226(a)(1)–(2).

Here, as evidenced by the I-200 Administrative Warrant and Notice to Appear issued at the time of Petitioner's arrest, the Government has already made an initial custody determination pursuant to 8 C.F.R. § 1236.1(b)(1) to detain the Petitioner pending an outcome on his removal proceedings. (*See* Doc. 13 at 6; Doc. 14 at 3.) That regulation provides: "In general. At the time of issuance of the notice to appear, or at any time thereafter and up to the time removal proceedings are completed, the [petitioner] may be arrested and taken into custody under the authority of Form I-200, Warrant of Arrest." 8 C.F.R. § 1236.1(b)(1). On habeas grounds, Petitioner now seeks a bond hearing where the Government bears the burden of proving by clear and convincing evidence that Petitioner presents a flight risk or danger, or that this Court orders his immediate release. (*See* Doc. 1 at 17.) However, given that Petitioner overstayed his visa, Petitioner is only entitled to the relief afforded by applicable regulations.

As this Court previously explained:

---

[2] Upon entering Petitioner's A-Number into EOIR's website, the Automated Case Information indicates that Petitioner's immigration docket was opened June 10, 2026, and that there is no final order of removal in place. EOIR, Automated Case Information, https://acis.eoir.justice.gov/en/caseinformation (last visited August 5, 2026).

> [Section] 1226(a) establishes a discretionary detention framework where the immigration officer first determines whether to detain or release the non-citizen while their immigration case is ongoing. 8 U.S.C. § 1226(a); *Otilio B.F.* [*v. Andrews*], 809 F. Supp. 3d [1038,] [] 1048–49 (citations and quotations omitted). After that decision has been made, the non-citizen may request a bond hearing before an IJ. 8 C.F.R. § 1236.1[ ](d)(1). At that bond hearing, "the burden is on the non-citizen to 'establish to the satisfaction of the [Immigration Judge] . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight." *Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

*Quinteros Cornejo v. Andrews, et al.*, 823 F. Supp. 3d 1085, 1094 (E.D. Cal. 2026). As such, the Court finds that Petitioner is entitled to a custody redetermination before an Immigration Judge under 8 C.F.R. § 1236.1(d)(1). Respondents "do not dispute that Petitioner is entitled to receive a custody re-determination hearing under section 1226(a) and its implementing regulations." (Doc. 13 at 3.) Additionally, while Respondents argue that Petitioner should be required to exhaust his administrative remedy before filing a habeas petition[,]" (*id*. at 4), Respondents nonetheless note that the "petition for writ of habeas corpus can be construed as Petitioner's request for a hearing."[3] (*Id*. at 3.) As such, the Court grants Petitioner's habeas petition to the extent he requests, and is entitled to, a custody redetermination before an IJ. For the foregoing reasons, the Court **ORDERS:**

    1.    The petition for writ of habeas corpus (Doc. 1) is **GRANTED**.

    2.    The motion for temporary restraining order (Doc. 8) is **DENIED** as **MOOT**.

    3.    **Within 14 days** of the date of service of this order, unless Petitioner consents to a later date, Respondents **SHALL** provide Petitioner with a bond hearing in accordance with 8 U.S.C. § 1226(a) and 8 C.F.R. § 1236.1(d)(1) at which the parties will be allowed to present evidence and argument about whether Petitioner is a danger to the community and a flight risk if

___

[3] If a petitioner fails to exhaust prudentially required administrative remedies, then "a district court ordinarily should either dismiss the petition without prejudice or stay the proceedings until the petitioner has exhausted remedies." *Leonardo v. Crawford*, 646 F.3d 1157, 1160 (9th Cir. 2011). However, the exhaustion requirement may be waived if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury would result, or the administrative proceedings would be void." *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (quotation marks and citations omitted). In this case, given that Respondents concede Petitioner is entitled to a § 1226(a) custody hearing and that Petitioner's habeas petition may be construed as such request, (*see* Doc. 13 at 3), the Court finds that pursuit of administrative remedies would be a futile gesture.

not detained.

4.    **At least 72 hours before** the scheduled hearing, the Petitioner **SHALL** receive notice of the hearing. He **SHALL** have the right to be represented by counsel at the hearing and **SHALL** be entitled to appear at the hearing. If counsel has filed an appearance in the immigration proceedings, **at least 72 hours** before the hearing, counsel **SHALL** receive notice of the scheduled hearing.

5.    Respondents **SHALL** provide a copy of this order to the immigration judge presiding over the bond hearing and **SHALL** arrange for the bond hearing to be recorded.

6.    Respondents are **ENJOINED** and **RESTRAINED** from re-arresting or re-detaining Petitioner unless Respondents provide no less than seven days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond is considered.[4]

7.    The Clerk of Court is directed to serve the Golden State Annex Detention Facility in McFarland, California, with a copy of this Order.

8.    The Clerk of Court is directed to **CLOSE** this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   August 6, 2026

_____
UNITED STATES DISTRICT JUDGE

---

[4] If legally sufficient circumstances justify arrest without notice in advance, a post-deprivation hearing consistent with the requirements set forth here **SHALL** be provided within seven days of the arrest. Alternatively, if Petitioner becomes subject to a final order of removal and Petitioner receives notice of such order, Respondents may detain Petitioner for the sole and limited purpose of executing removal. In this event, Respondent's **SHALL** provide a bond hearing in the timeframe required by law.